UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CUEVAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CRAIG JOHNSON, d/b/a DESERT TRADING POST, et al.,<br><br>    Defendants. | Case No. 1:24-cv-01538-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS AND TO DISMISS STATE LAW CLAIMS WITHOUT PREJUDICE<br><br>Docs. 1, 7 |

On December 16, 2024, plaintiff Joshua Cuevas initiated this action against defendants Craig Johnson, doing business as Desert Trading Post, and D&Z Properties, LLC, alleging violations of the American with Disabilities Act of 1990 (ADA), California's Unruh Civil Rights Act ("Unruh Act"), and related state law causes of action. Doc. 1. These claims stem from alleged barriers plaintiff encountered while visiting a facility owned, operated, or leased by defendants. *Id.* at 3. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 17, 2024, the assigned magistrate judge ordered plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim in light of the Ninth Circuit's decision in *Vo v. Choi*. Doc. 5; *Vo v. Choi*, 49 F.4th 1167 (9th Cir.

2022) (affirming a district court's decision to decline supplemental jurisdiction over an Unruh Act claim); *see* 28 U.S.C. § 1367(c). On January 2, 2025, plaintiff filed a response. Doc. 6.

After considering plaintiff's response, the assigned magistrate judge issued findings and recommendations on January 3, 2025 to (1) decline to exercise supplemental jurisdiction over plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(c)(4) and (2) dismiss plaintiff's Unruh Act, Disabled Persons Act, Health & Safety Code, and negligence claims without prejudice to plaintiff's filing of these claims in state court. Doc. 7. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. *Id.* at 9. Plaintiff did not file any objections, and the deadline to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS ORDERED:

1. The findings and recommendations issued on January 3, 2025, Doc. 7, are ADOPTED in full;

2. The Court DECLINES to exercise supplemental jurisdiction over plaintiff's claims arising under state law, pursuant to 28 U.S.C. § 1367(c)(4); and

3. Plaintiff's Unruh Act, Disabled Persons Act, Health & Safety Code, and negligence claims are DISMISSED without prejudice to plaintiff's filing of these claims in state court.

IT IS SO ORDERED.

Dated:   February 14, 2025

_____
UNITED STATES DISTRICT JUDGE